### TOWNSEND v. JOHN B. CARTER CO.

#### SAME v. CARTER CONST. CO.

#### (Nos. 6646, 6647.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

ACCOUNT (§ 6*)—COMPLICATED TRANSACTIONS—JURISDICTION.

    Where defendant construction company contracted to pay plaintiff a percentage of profits to be derived from certain contracts, and the agreement expressly provided for an accounting, which it appeared would be long and complicated, the contract should be construed to require payment only of profits as such, and hence a complaint alleging such facts stated grounds for equitable relief.

    [Ed. Note.—For other cases, see Account, Cent. Dig. §§ 17, 18; Dec. Dig. § 6.*]

Appeals from Special Term, New York County.

Action by Willard H. Townsend against the John B. Carter Company, impleaded, and against the Carter Construction Company, impleaded. From orders overruling the impleaded defendants' separate demurrers to the complaint, they prosecute separate appeals. Affirmed on the appeal of the Carter Construction Company, and reversed on the appeal of the John B. Carter Company.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

L. Laflin Kellogg, of New York City, for appellants.
Allan McCulloh, of New York City, for respondent.

SCOTT, J. We are of opinion that the complaint states a sufficient cause of action in equity against the appellant Carter Construction Company, and that its demurrer was rightly overruled. The agreement to pay plaintiff a percentage of the profits to be derived from certain contracts will bear the construction that the payment was to be of the profits as such. Furthermore, the agreement between the parties expressly provides for an accounting, and it is perfectly apparent that, on whichever side of the court the action is to be tried, there must ultimately be a long and complicated accounting.

As to the John B. Carter Company, however, we can discern in the complaint no cause of action. It made no contract with plaintiff, and owed him no duty, nor is it alleged that for any reason it will be necessary to undertake to trace the profits into the hands of the John B. Carter Company.

The order appealed from by the Carter Construction Company will therefore be affirmed, with $10 costs and disbursements, with leave to said appellant to withdraw the demurrer and answer within 20 days, upon payment of costs in this court and in the court below. The order appealed from by the John B. Carter Company will be reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs, with leave to plaintiff to amend his complaint within 20 days, upon payment of all costs in this court and in the court below. All concur.